## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | District of Colorado, Denver Division |
|---|---|---|
| Name *(under which you were convicted)*:<br>TRACY MORGAN | | Docket or Case No.:<br>1:11-cr-00303-REB-1 |
| Place of Confinement:<br>USP FLORENCE - HIGH, P. O. BOX 7000, FLORENCE, CO 81226 | Prisoner No.:<br>43394-177 | |
| UNITED STATES OF AMERICA<br><br>v.     TRACY MORGAN | Movant *(include name under which convicted)* | |

FILED

UNITED STATES DISTRICT COURT
DENVER, COLORADO

## MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:  JUL 1 3 2015

    United States District Court
    District of Colorado
    Denver Division

    JEFFREY P. COLWELL
    CLERK

    (b) Criminal docket or case number (if you know):   1:11-cr-00303-REB-1

2.  (a) Date of the judgment of conviction (if you know):   10/11/2012

    (b) Date of sentencing:   10/03/2012

3.  Length of sentence:   600 months imprisonment

4.  Nature of crime (all counts):

    Counts 1-4: Kidnapping, in violation of 18 U.S.C. § 1201(a)(1)
    Count 5: Conspiracy to Kidnap and Kidnapping, in violation 18 U.S.C. §§ 3559(f)(2) 3559(f)(2) for kidnapping the couple's two minor childrenand 1201(a)(1); and
    Count 6: Possession of a Firearm during a Crime of Violence, in violation of 18 U.S.C. § 924(c)

5.  (a) What was your plea?  (Check one)

    (1) Not guilty ☑     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

    N/A

6.  If you went to trial, what kind of trial did you have?  (Check one)     Jury ☑     Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ☑     No ☐

9. If you did appeal, answer the following:

    (a) Name of court:   United States Court of Appeals for the Tenth Circuit

    (b) Docket or case number (if you know):   USCA No. 12-1408

    (c) Result:   Affirmed

    (d) Date of result (if you know):   4/19/2014

    (e) Citation to the case (if you know):   USA v. Morgan,

    (f) Grounds raised:

The trial court erred: (1) when it admitted Government Exhibit 14A over Mr. Morgan's objection that the statement was not admissible as a co-conspirator statement; (2) when it admitted Exhibit 14A over Mr. Morgan's objection on the grounds that because the recording included statements of Ford; (3) when it denied Mr. Morgan's motion for mistrial regarding references that indicated that he had committed a prior similar act of robbery and was involved in another criminal event in which there was a shootout; (4) when it denied Mr. Morgan's motion for a mistrial following a witness's aborted attempt to identify any one of the defendant's at trial as being involved in the perpetration of the kidnapping; and (5) Even if this court concludes that all of the alleged above errors are harmless, their cumulative effect require reversal.

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

       If "Yes," answer the following:

       (1) Docket or case number (if you know):   N/A

       (2) Result: N/A

       (3) Date of result (if you know):

       (4) Citation to the case (if you know):   N/A

       (5) Grounds raised:

       N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐     No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:   N/A

       (2) Docket or case number (if you know):   N/A

       (3) Date of filing (if you know):   N/A

       (4) Nature of the proceeding:   N/A

       (5) Grounds raised:   N/A

N/A

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7)  Result:  **N/A**

(8)  Date of result (if you know):  **N/A**

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court:  **N/A**

(2)  Docket of case number (if you know):  **N/A**

(3)  Date of filing (if you know):

(4)  Nature of the proceeding:  **N/A**

(5)  Grounds raised:

**N/A**

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7)  Result:  **N/A**

(8)  Date of result (if you know):

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes ☐     No ☑

(2)  Second petition:     Yes ☐     No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

**N/A**

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:** Ineffective Assistance of Pretrial Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial counsel's failure to:
(1) Conduct an adequate independent pretrial investigation inclusive of failure to research the applicable law in this case, interview witnesses and listen to the audio tapes provided by the government in discovery;
(2) Investigate afficavits indicating the government's witnesses were conspiring to commit perjury while in federal detention; and
(3) Properly advise Movant of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial, as well as his maximum potential sentence he faced if he pled guilty or if he was convicted at trial.

A Memorandum of Law in Support of this Ground will be filed within thirty (30) days.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☑

**GROUND ONE:** Ineffective Assistance of Pretrial Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial counsel's failure to:
(1) Conduct an adequate independent pretrial investigation inclusive of failure to research the applicable law in this case, interview witnesses and listen to the audio tapes provided by the government in discovery;
(2) Investigate afficavits indicating the government's witnesses were conspiring to commit perjury while in federal detention; and
(3) Properly advise Movant of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial, as well as his maximum potential sentence he faced if he pled guilty or if he was convicted at trial.

A Memorandum of Law in Support of this Ground will be filed within thirty (30) days.

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:   N/A

    Name and location of the court where the motion or petition was filed:
    N/A

    Docket or case number (if you know):  N/A

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
**N/A**

Docket or case number (if you know):  **N/A**

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**N/A**

**GROUND TWO:**    Ineffective Assistance of Trial Counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Trial counsel failed to:
(1) call important witnesses to testify who were subpoenaed and on the witness list such as Katina Bell, Lee Smith and Keino Taylor who had important information which would have significantly aided Movant in his defense;
(2) object to the court's excusing Special Agent Wilcox before the defense had completed its cross-examination;
(3) review and explain the Presentence Report ("PSR") to Movant prior to sentencing; and
(4) file additional objections to the PSR.

A Memorandum of Law in Support of this Ground will be filed within thirty (30) days.

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐      No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are generally not raised on direct appeal.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐      No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)   Did you receive a hearing on your motion, petition, or application?
         Yes ☐       No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?
         Yes ☐       No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
         Yes ☐       No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:**     Ineffective Assistance of Sentencing Counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Sentencing counsel failed to:
(1) properly argue objections to the PSR and raise additional meritorious objections at sentencing that were available; and
(2) present any evidence of mitigation of punishment.

A Memorandum of Law in Support of this Ground will be filed within thirty (30) days.

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☑

    (2)  If you did not raise this issue in your direct appeal, explain why:

    N/A

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:  N/A

    Name and location of the court where the motion or petition was filed:
    N/A

    Docket or case number (if you know):  N/A

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    N/A

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☑

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☑

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☑

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:
    N/A

    Docket or case number (if you know):  N/A

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:**   Ineffective Assistance of Appellate Counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

1) Communicate with Movant regarding his appeal and the issues to be raised and allow him to participate in his appeal; and
(2) Raise other available mertiorious issues which were properly raised or objected to in this Court, were stronger than the issues raised and ripe for review on direct appeal.

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

N/A

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)   Did you receive a hearing on your motion, petition, or application?

      Yes ☐     No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?

      Yes ☐     No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐     No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground One through Four were not previously presented or raised previously because claims of ineffective assistance of counsel claims are generally not raised on direct appeal, but are properly raised in a 28 U.S.C. § 2255 motion.

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the
     you are challenging:

     (a) At the preliminary hearing:
     John S. Tatum, P.C., 12351 East Cornell Avenue, Aurora, CO 80014

     (b) At the arraignment and plea:
     John S. Tatum, P.C., 12351 East Cornell Avenue, Aurora, CO 80014

     (c) At the trial:
     John S. Tatum, P.C., 12351 East Cornell Avenue, Aurora, CO 80014

     (d) At sentencing:
     John S. Tatum, P.C., 12351 East Cornell Avenue, Aurora, CO 80014

     (e) On appeal:
     Richard A. Hostetler, 1544 Race Street, Denver, CO 80206

     (f) In any post-conviction proceeding:
     N/A

     (g) On appeal from any ruling against you in a post-conviction proceeding:

     N/A


16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
     and at the same time?          Yes ☐        No ☑

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are
     challenging?          Yes ☐        No ☑

     (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

     N/A

     (b) Give the date the other sentence was imposed: _____

     (c) Give the length of the other sentence: N/A

     (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
     sentence to be served in the future?          Yes ☐        No ☑


18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
     why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

     N/A

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Morgan respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

*Tracy Morgan*

Tracy Morgan
Reg. No. 43394-177
USP Florence–High
U. S. Penitentiary
P. O. Box 7000
Florence, CO 81226
Appearing *Pro se*

## DECLARATION OF TRACY MORGAN

I, Tracy Morgan, declarant herein, declare and attest to the above and foregoing information is true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. This motion was placed in the institutions mailbox on the date listed below.

Dated: July 7, 2015

*Tracy Morgan*

Tracy Morgan