IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 3 1 2015

JEFFREY P. COLWELL
CLERK

Civil Action No. 1:15-cv-01480-REB

TRACY MORGAN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

---

### A. CONVICTION UNDER ATTACK

1. Name and location of the court that entered the judgment of conviction you are attacking: United States District Court for the District of Colorado Denver Division

2. Date the judgment of conviction was entered: October 11, 2012

3. Case number: 1:11-cr-00303-REB-1

4. Describe the type and length of sentence imposed: 600 months imprisonment

(Rev. 4/15/02)

| 5. | Are you serving a sentence that was imposed for a conviction other than the conviction you are attacking in this application? | ___ Yes  _X_ No  (CHECK ONE) |
|---|---|---|
| 6. | Nature of the offenses with which you were charged: (all counts) | Counts 1-4: Kidnaping, in violation of 18 U.S.C.§ 201(a)(1); Count 5: Conspiracy to Kidnap and Kidnaping, in violation of 18 U.S.C. §§ 3559(f)(2) and 1201(a)(1); and Count 6: Possession of a Firearm during a crime of Violence, in violation of 18 U.S.C. § 924(c). |
| 7. | On which counts were you convicted? | All of the above. |
| 8. | What was your plea? | Not guilty |
| 9. | If you pled guilty pursuant to a plea bargain, describe the terms and conditions of the plea: | N/A |
| 10. | Kind of trial: | _X_ Jury ___ Judge only  (CHECK ONE) |
| 11. | Did you testify at trial? | ___ Yes  _X_ No  (CHECK ONE) |

## B. DIRECT APPEAL

| 1. | Did you file a direct appeal? | _X_ Yes ___ No  (CHECK ONE) |
|---|---|---|
| 2. | Date and result of 10th Circuit decision (attach a copy of the decision if available): | April 19, 2014 Affirmed. |

3. Date and result of any appeal to the United States Supreme Court (attach a copy of the decision if available): N/A

4. List the claims raised on direct appeal:

The trial court erred:
(1) when it admitted Government Exhibit 14A over Mr. Morgan's objection that the statement was not admissible as a co-conspirator statement;
(2) when it admitted Exhibit 14A over Mr. Morgan's objection on the grounds that because the recording included statements of Ford;
(3) when it denied Mr. Morgan's motion for mistrial regarding references that indicated that he had committed a prior similar act of robbery and was involved in another criminal event in which there was a shootout;
(4) when it denied Mr. Morgan's motion for a mistrial following a witness's aborted attempt to identify any one of the defendant's at trial as being involved in the perpetration of the kidnaping; and
(5) Even if this court concludes that all of the alleged above errors are harmless, their cumulative effect require reversal.

5. If you did not file a direct appeal, explain why: N/A

## C. POST CONVICTION PROCEEDINGS

1. Other than a direct appeal, have you initiated any postconviction proceedings with respect to the judgment under attack?

___ Yes _X_ No (CHECK ONE)

(Rev. 4/15/02)         3

2. If you answered "Yes" to question 1., give the following information for each post conviction proceeding. If you have initiated more than one post conviction proceeding, use extra paper to list each proceeding using the format below.

   A. Name and location of court: N/A

   B. Type of proceeding: N/A

   C. Date filed: N/A

   D. List the claims raised: N/A

   E. Date and result (attach a copy of the decision if available): N/A

   F. Did you appeal? ___ Yes _X_ No (CHECK ONE)

   G. Date and result on appeal (attach a copy of the decision if available): N/A

3. If the instant application is a second or successive application, have you obtained authorization from the United States Court of Appeals for the Tenth Circuit for this court to consider the application?  N/A

   ___ Yes ___ No (CHECK ONE)

## D. CLAIMS

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

(Rev. 4/15/02) 4

1. Did you raise on direct appeal or in a prior action
   any of the claims you are asserting in this motion?

   ___ Yes _X_ No (CHECK ONE)

2. If you answered "Yes" to question 1., state which claims previously were raised and explain why those claims are being raised again:

   N/A

   _____

   _____

   _____

3. If you answered "No" to question 1., state which claims were not raised previously and explain why those claims were not raised on direct appeal or in a prior action:

   Claims of Ineffective assistance of counsel, which are generally not properly raised on direct appeal, but are properly raised in a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

   _____

   _____

4. Claim One: Ineffective Assistance of Pretrial Counsel, in violation of the Sixth Amendment to the Constitution of the United States

   A. Supporting facts:

   As a preliminary matter, Movant respectfully requests that the Court be mindful that Tenth Circuit law requires *pro se* pleadings to be construed liberally.

   Movant's counsel, John S. Tatum ("Tatum") was ineffective under the Sixth Amendment of the Constitution of the United States when he failed to represent movant in numerous ways through the full course of the proceedings. Movant was effectively denied counsel from the moment the Federal Public Defender was appointed by the Court because of his failure to familiarize himself with the proceedings in this matter. This misrepresentation continued throughout all phases of the proceedings.

   Specifically, at pretrial, Tatum failed to conduct an independent pretrial investigation, inclusive of his failure to interview potential defense witnesses, which movant requested he interview. He failed listen to the audio tapes provided by the government in discovery such as Government Exhibits 6A, 7A, 8A, 9A, 10A, 11A, 12A, 13A, and 14A (audio recordings), which movant continuously requested he do. He also did not move the Court for a private investigator to conduct an independent pretrial investigation in this matter. He merely conducted a cursory review

of the government's case file. As such, Tatum failed to investigate any lines of defense to be used for trial. He failed to investigate any affirmative defense on movant's behalf or discuss what his trial strategy would be with movant. He failed to investigate the affidavits of the government's witnesses indicating that they were conspiring to commit perjury while in federal detention. Counsel failed to advise movant of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial, inclusive of informing him of the maximum sentence he was facing if he was convicted. He also failed to negotiate any kind of plea agreement with the government to lessen movant's sentence.

At the suppression hearing, Tatum failed to properly argue for the suppression of Morgan's statement, the GPS data, and the cell phone records. He merely complimented the case agent and failed to support his argument with any case law.

Movant respectfully requests that the Court grant him leave to file a memorandum of law in support of this meritorious claim.

5.  Claim Two: Ineffective Assistance of Trial Counsel, in violation of the Sixth Amendment to the Constitution of the United States

   A.   Supporting Facts:

At trial, Tatum failed to call defense witnesses such as Katina Bell, Lee Smith and Keino Taylor, who were all subpoenaed and on the witness list and who had important testimony which would have significantly aided the defense. He failed to object to the Court's excusing Special Agent Wilcox before the defense had completed its cross-examination. He also failed to object to the court's remedial measures of striking the references to the bad act evidence and giving a curative instruction, nor did he explicitly move for a mistrial.

6.   Claim Three:   Ineffective Assistance of Sentencing Counsel, in violation of the Sixth Amendment to the Constitution of the United States

   A.   Supporting facts:

Prior to sentencing, Tatum failed to review, explain and discuss the Presentence Report ("PSR") to movant. He also failed to research and investigate the applicable Sentencing Guidelines and applicable case law in this case. He did file several objections to the PSR. See Doc. 222. Movant advised Tatum that he was innocent and did not want to speak at sentencing. As such, he invoked the Fifth Amendment at sentencing.

At sentencing, Tatum argued the written objection to the PSR. All of which were overruled by the Court. He failed to argue or raise additional objections to the PSR with regard to the 18 U.S.C. § 3553(a)(1) sentencing factors. He also failed to submit any evidence regarding the mitigation of movant's sentence. Finally, after movant's sentence was pronounced, he failed to object that his sentence was objectively unreasonable.

7.   Claim Four:   Ineffective Assistance of Appellate Counsel, in violation of the Sixth Amendment to the Constitution of the United States

   A.   Supporting facts:

On appeal, there was a complete lack of communication between appellate counsel and movant. Appellate counsel did not keep him informed as to the issues to be raised or allow him to participate in his appeal. Movant wanted to raise meritorious issues which were preserved at trial and sentencing, which were stronger than the issues raised, and were ripe for disposition on direct review.

## E. OTHER CONVICTIONS

1. Do you have any concurrent or future sentence(s) to be served after you complete the sentence imposed as a result of the conviction under attack?
 ___ Yes  _X_ No (CHECK ONE)

2. If you answered "Yes" to question 1., give the following information for each sentence:

   A. Name and location of the court: N/A

   B. Case number: N/A

   C. Type and length of sentence: N/A

## F. LEGAL REPRESENTATION

1. List the names and address, if known, of each attorney who has represented you in proceedings regarding the conviction under attack:

   A. Preliminary hearing: John S. Tatum, P.C., 12351 East Cornell Avenue, Aurora, CO 80014

   B. Arraignment and plea: John S. Tatum, P.C., 12351 East Cornell Avenue, Aurora, CO 80014

   C. Trial: John S. Tatum, P.C., 12351 East Cornell Avenue, Aurora, CO 80014

   D. Sentencing: John S. Tatum, P.C., 12351 East Cornell Avenue, Aurora, CO 80014

   E. Appeal: John S. Tatum, P.C., 12351 East Cornell Avenue, Aurora, CO 80014

F. Postconviction proceedings: N/A

G. Appeal from any adverse ruling in postconviction proceedings: N/A

## G. REQUEST FOR RELIEF

I request the following relief:
Vacate conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the movant in this action, that I have read this motion, and that the information in this motion is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   August 26, 2015
                    (Date)

*Tracy Morgan*
TRACY MORGAN

Movant's prisoner identification number and complete mailing address:
Reg. No. 43394-177
USP Florence–High
U. S. Penitentiary
P. O. Box 7000
Florence, CO 81226