**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01480-REB
(Criminal Case No. 11-cr-00303-REB-1)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

TRACY MORGAN,

    Defendant-Movant.
_____

**RESPONSE TO AMENDED MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**
_____

    The United States of America files this Response to Defendant-Movant Tracy

Morgan's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to

28 U.S.C. § 2255.

**STATED GROUNDS FOR RELIEF**

    Morgan argues that his attorney was ineffective in a myriad of ways: failure to

conduct a pretrial investigation; failure listen to relevant audio recordings; failure to

seek to retain a private investigator; failure to investigate any affirmative defense or

discuss trial strategy with Morgan; failure to investigate government witnesses;

failure to advise Morgan of the likely consequences of pleading guilty as opposed to

proceeding to trial; failure to properly argue for suppression of Morgan's statement,

1

the GPS data, and the cell phone records; failure to support his suppression argument with case law; failure to call important defense witnesses; failure to object to a government witness being excused; failure to object to the Court's striking references to bad act evidence and giving a curative instruction; failure to move for a mistrial; failure to review, explain, and discuss the Presentence Investigation Report (PSR); failure to research and investigate the applicable Sentencing Guidelines and case law; failure to argue or raise additional objections to the PSR with regard to the 18 U.S.C. § 3553(a)(l) sentencing factors; failure to submit mitigation evidence; failure to object that the sentence was unreasonable; and failure to keep Morgan informed as to the issues to be raised or allow him to participate in his appeal. Amended Motion to Vacate, Doc. 339 at 5-7.

For relief, Morgan seeks to have his conviction and sentence vacated, or in the alternative, to have an evidentiary hearing on his claims. *Id.* at 9.

### RULE 5 STATEMENT

Pursuant to Rule 5(a) of the Rules Governing § 2255 Proceedings, the government informs the Court that (1) it is aware of no other post-conviction motion filed by the Defendant; and (2) no evidentiary hearing has been held on the allegations made in the Amended Motion to Vacate. The original Motion was timely, pursuant to the prison mailbox rule. *See United States v. Lott*, 271 F. App'x 728, 729  n.1 (10th Cir. 2008) (unpublished) (citing Fed. R.App. P. 4(c)(1)). However, several new claims are raised in the Amended Motion, all of which are untimely.

2

**ARGUMENT**

**I.    SEVERAL CLAIMS, RAISED FOR THE FIRST TIME IN THE  IN THE AMENDED MOTION, ARE UNTIMELY.**

Morgan introduces several new claims in his Amended Motion to Vacate:

- [Counsel] did not move the Court for a private investigator to conduct an independent pretrial investigation in this matter.

- [Counsel] failed to investigate any lines of defense to be used for trial.  He failed to investigate any affirmative defense on movant's behalf or discuss what his trial strategy would be with movant.

- He also failed to negotiate any kind of plea agreement with the government to lessen movant's sentence.

- At the suppression hearing, Tatum failed to properly argue for the suppression of Morgan's statement, the GPS data, and the cell phone records.  He merely complimented the case agent and failed to support his argument with any case law.

- He also failed to object to the court's remedial measures of striking the references to the bad act evidence and giving a curative instruction, nor did he explicitly move for a mistrial.

- Prior to sentencing, [counsel] failed to review, explain and discuss the Presentence Report ("PSR") to movant.  He also failed to research and investigate the applicable Sentencing Guidelines and applicable case law in this case.

- Movant advised [counsel] that he was innocent and did not want to speak at sentencing.  As such, he invoked the Fifth Amendment at sentencing.

- Finally, after movant's sentence was pronounced, [counsel] failed to object that his sentence was objectively unreasonable.

Doc. 339 at 5-7; *compare* Doc. 335 at 5-7.

None of the eight new claims raised in the Amended Motion are timely.  The

Judgment was entered on October 11, 2012.  Doc. 256.  Morgan timely appealed,

Doc. 258, and the Tenth Circuit affirmed on April 9, 2014.  *See United States v.*

*Morgan*, 748 F.3d 1024, 1044 (10th Cir. 2014).  Morgan did not seek certiorari from the Supreme Court.

Morgan's time to seek certiorari expired on July 8, 2014.  *See* S. Ct. R. 13(1) (to be timely, a petition for certiorari must be filed within 90 days of decision of court of appeals).  Consequently, Morgan's judgment of conviction became final on that day, and his initial Motion to Vacate, deposited in the prison mail system on July 7, 2015, was timely.  *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) ("In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires.") (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).  However, the new claims in the Amended Complaint, deposited in the prison mail system on August 26, 2015, have been brought for the first time over six weeks after the expiration of the statutory limitation period.  Consequently, they are untimely, and barred.

## II.   MORGAN IS NOT ENTITLED TO EQUITABLE TOLLING.

Although equitable tolling may be possible in certain "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), Morgan has made no argument in that regard.  *Cf. Butterworth v. United States*, 775 F.3d 459, 469 (1st Cir. 2015) ("Butterworth's Motion to Vacate, Set Aside, or Correct [His] Sentence and his memoranda in support of that motion do not mention section

4

2255(f)(1) or equitable tolling."), *cert. denied*, 135 S. Ct. 1517 (2015).

Even so, "[e]quitable tolling is a rare remedy reserved for exceptional circumstances." *United States v. Arrowgarp*, 558 F. App'x 824, 825 (10th Cir.) (unpublished) (citations and internal quotations omitted), *cert. denied*, 135 S. Ct. 100 (2014). *Accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (equitable tolling is "to be applied sparingly.") (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101. 113 (2002)). It is "only available when an inmate shows that he (1) diligently pursued his claims, and (2) demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Arrowgarp*, 558 F. App'x at 825 (citations and internal quotations omitted). *Accord Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (an inmate "must show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim.") (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

To this end, Morgan "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *United States v. Garcia-Rodriguez*, 275 F. App'x 782, 784 (10th Cir. 2008) (unpublished) (quoting *Yang*, 525 F.3d at 928). Extraordinary circumstances warranting equitable tolling include: when a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevents a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the

statutory period.  *Gibson*, 232 F.3d at 808 (citations omitted).  Simple excusable

neglect is not sufficient.  *Id.*

      Morgan claims neither actual innocence nor uncontrollable circumstances;

indeed, he has offered no justification for his untimeliness.  *See Fleming v. Evans*,

481 F.3d 1249, 1257 (10th Cir. 2007) (inmate must show that "the extraordinary

circumstances caused his petition to be untimely.") (citation omitted).  *See also*

*United States v. Edwards*, 588 F.3d 823, 826 n.2 (10th Cir. 2014) (unpublished).

Nor has he made any attempt to explain, with "specificity," "the steps he took to

diligently pursue his federal claims."  *Yang*, 525 F.3d at 928 (quoting *Miller*, 141 F.3d

at 978).  *Accord Gibson*, 232 F.3d at 808 (citations omitted).  *Accord Clark*, 468 F.3d

at 714 (citing *Miller*, 141 F.3d at 978).  Although Morgan might argue that the original

Motion to Vacate was a "defective pleading," any equitable tolling could extend no

further than the Court has already permitted here:  allowing Morgan to file a

compliant pleading <u>with respect to the claims he timely made</u>.  The new claims in the

Amended Motion to Vacate do not qualify for equitable tolling.

**III.   THE NEW CLAIMS DO NOT RELATE BACK TO THE ORIGINAL MOTION TO VACATE.**

      In addition, the attempt to amend the original Motion to Vacate by adding new

claims, rather than further explicating that Motion, is foreclosed by Fed. R. Civ. P.

15(a), which requires that any such amendment must "relate back" to the original

Motion to Vacate.  Under Fed. R. Civ. P. 15(c)(1), a proffered amendment "relates

back" when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

## A.    The Applicable Statute of Limitations Does Not Allow Relation Back.

The amendment could not relate back under Fed. R. Civ. P. 15(c)(1)(A) because the applicable statute of limitations does not allow, but rather specifically forecloses, such late addition of new issues.  The addition of a new issue is statutorily barred by 28 U.S.C. § 2255(f)(1), which provides that motions to vacate must be filed within one year of the date the conviction becomes final.  Here, Morgan is attempting to introduce new claims, under entirely different theories from anything contained in the Motion, over a year after the judgment of this Court became final on January 2, 2014.  However, permission to file an untimely amendment to a pending § 2255 motion may be granted "if and only if the [original

motion] was timely filed <u>and</u> the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000) (emphasis added).  Thus, a prisoner cannot assert a claim that is otherwise barred by the one-year time limitation of § 2255, and thereby circumvent the clear limitation of § 2255(f)(1), merely because he asserted a separate claim within the limitation period.  *Id.*; *accord United States v. Duffus*, 174 F.3d 333, 337-38 (3d Cir. 1999); *United States v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999); *United States v. Pittman*, 209 F.3d 314, 316 (4th Cir. 2000); *Davenport v. United States*, 217 F.3d 1341, 1342-43, 1346 (11th Cir. 2000).

The Tenth Circuit has frequently and consistently reaffirmed and applied this well-established principle.  *See*, *e.g.*, *United States v. Nelson*, 307 F. App'x 240, 241, 242 (10th Cir. 2009) (unpublished); *United States v. Guerrero*, 488 F.3d 1313, 1316 (2007); *United States v. Ochoa*, 485 F.3d 538, 541 n.3 (10th Cir. 2007); *United States v. Blaze*, 76 F. App'x 60, 65 (10th Cir. 2003) (unpublished); *United States v. Henry*, 37 F. App'x 343, 345 (10th Cir. 2002) (unpublished); *United States v. Fontenot*, 33 F. App'x 393, 395 (10th Cir. 2002) (unpublished).

Because Morgan's new claims are statutorily time-barred for inclusion in his pending initial § 2255 motion, they may be raised – if at all – only by means of a second or successive § 2255 motion as provided for by statute.  *See*  28 U.S.C. § 2255(h)(2) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain ... a new rule of

8

constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable."); *see also Ochoa*, 485 F.3d at 540-41

(statutory requirement that untimely new claim can be raised only in a second or

successive motion authorized by the court of appeals under § 2255(h), and not as

an amendment to a pending initial § 2255 motion, cannot be circumvented because

of a lack of final adjudication of the initial § 2255 motion).  Failure to obtain prior

authorization from the Tenth Circuit deprives this Court of jurisdiction to entertain the

matter.

**B.     The New Claims Did Not Arise Out of the Conduct, Transaction, or Occurrence Set Out in the Original Motion.**

The new claims can only be deemed to relate back under Fed. R. Civ. P.

15(c)(1)(B) if the broad, conclusory claims asserted in the original Motion to Vacate

were sufficient in the first instance,  But this Court has previously ruled they are not.

*See* Order, Doc. 336.  The Court provided Morgan with an opportunity to rectify his

pleading as to his timely claims, but rather than doing that he has asserted

additional claims.  Those additional claims do not relate back to the prior claims.

**C.     The Amendment Does Not Change the Party or Naming of a Party.**

Finally, the amendment does not relate back under Fed. R. Civ. P.

15(c)(1)(C), because there is no attempt to change a party or the naming of a party.

The new claims must be dismissed for failure to relate back to the original Motion to

Vacate.  Morgan cannot carry his burden of showing that he is entitled to equitable

tolling.  Consequently, the new claims in the Amended Motion to Vacate remain untimely and should be dismissed.

## IV.    THE AMENDED MOTION IS INSUFFICIENT AS A MATTER OF LAW.

Morgan originally filed his Motion to Vacate on July 13, 2015.  Doc. 335.  The Court reviewed the Motion, and found that it did not comply with Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings because Morgan "fail[ed] to allege specific facts in support of his claims that demonstrate his rights have been violated."  Order, Doc. 336.  Noting that "[t]he habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading," the Court gave Morgan thirty days in which to file a compliant motion.  *Id.* (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)).

The Amended Motion simply restates the same conclusory claims that the Court found wanting in the original Motion – while adding additional conclusory claims as explained above.  *See* Doc. 339 at 5-7.  Nonetheless, "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations omitted).  Morgan's broad-brush and conclusory allegations abjectly fail to comply with the requirements of Rule 2(b).

For example, he asserts that his counsel "failed to submit any evidence regarding the mitigation of movant's sentence."  Amended Motion to Vacate, Doc. 339 at 7.  *But see Anderson v. Attorney General of Kansas*, 425 F.3d 853, 857, 861

(10th Cir. 2005) (claim that "his trial counsel violated his rights by failing to adequately prepare or investigate mitigating evidence" rejected "[i]n light of Mr. Anderson's failure to allege any specific investigation that his trial counsel should have conducted").  Similarly, he claims that his counsel "failed to call defense witnesses … who had important testimony which would have significantly aided the defense."  Amended Motion to Vacate, Doc. 339 at 6.  *But see United States v. Kilpatrick*, 124 F.3d 218 (Table), 1997 WL 537866, *1, *2 (10th Cir. Sept. 2, 1997) (unpublished) (claim that counsel failed to "object to hearsay testimony relating to a conspiracy other than the one charged in this case" "failed to allege with sufficient specificity the hearsay testimony, relating to another alleged stock manipulation conspiracy between defendant and the same people involved in this UFO scheme, to which defense counsel should have objected.").

Morgan also maintains that his counsel "failed to investigate any affirmative defense on movant's behalf or discuss what his trial strategy would be with movant. He failed to investigate the affidavits of the government's witnesses indicating that they were conspiring to commit perjury while in federal detention."  Amended Motion to Vacate, Doc. 339 at 6.  *But see United States v. Harrison*, 375 F. App'x 830, 833-34 (10th Cir. 2010) (unpublished) (rejecting claim that "Counsel told Appellant that he need not worry, as it would all get corrected on Direct Appeal.  Then counsel failed to file a notice or an appeal" because defendant failed to "present detailed and

specific facts to back up his allegation;" "Without such facts, his claims are vague, conclusory, and palpably incredible").

And, Morgan claims, "Movant wanted to raise meritorious issues which were preserved at trial and sentencing, which were stronger than the issues raised, and were ripe for disposition on direct review."  Amended Motion to Vacate, Doc. 339 at 7.  *But see Underwood v. Massie*, 75 F. App'x 747, 748-49 (10th Cir. 2003) (unpublished) (claim that "her trial counsel 'stood in the way' of her asserting her right to testify" insufficient because the defendant "does not explain how her trial counsel 'stood in the way' of her right to testify, how or when she informed counsel of her alleged desire to testify or even how the absence of her testimony prejudiced her defense") (citing *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994)).

The *Fisher* decision itself rejected, as conclusory and lacking supporting factual averments, a series of claims at least as specific, if not more so, as those advanced in Morgan's Amended Motion to Vacate:

> (1) counsel failed to raise a jurisdictional error; (2) counsel advised Defendant not to appeal; (3) counsel talked Defendant into pleading guilty; (4) counsel should have questioned the government's dismissal of count one of the indictment; (5) counsel used undue influence to cause Defendant to plead guilty; and (6) counsel advised Defendant that he had no defense at trial and no grounds for appeal.

38 F.3d at 1146-47.  *See also United States v. Montague*, 260 F. App'x 60, 63 (10th Cir. 2008) (unpublished) (claim rejected where the defendant "asserted generally that the counts should have been grouped and provided no explanation as to why").

Mere naked allegations of constitutional violations are not cognizable.  *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The fact that the Movant here is proceeding pro se – as almost all § 2255 movants do – does not change this conclusion.  "[W]e are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."  *Fisher*, 38 F.3d at 1147 (citing *Hall*, 935 F.2d at 1110).  Nor will a court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (a court may assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that have not been alleged).

The Amended Motion to Vacate utterly fails to comport with Rule 2(b)'s command that a motion must "state the facts supporting each ground."  When faced with such a scant or cursory pro se pleading, a court "should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations."  *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003)).

## V.   AN EVIDENTIARY HEARING IS NOT WARRANTED.

The standard for obtaining an evidentiary hearing "is higher than notice pleading," *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004), and "the

petitioner bears the burden of alleging facts which, if proved, would entitle him to relief. Moreover, his allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing." *United States v. Shaw*, 292 F. App'x 728, 731 (10th Cir. 2008) (unpublished) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995), *overruled on other grounds by Daniel v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001)) (emphasis added). "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (quoting *Cervini*, 379 F.3d at 994).

No evidentiary hearing is required in this case because the Motion to Vacate presents no more than conclusory allegations, which are unsupported by material facts. *Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010) ("the general and conclusory nature of the allegations in Hook's request for an evidentiary hearing, fully support the district court's decision to deny that request."). *See also United States v. Pollard*, 939 F.2d 1011, 1031 (D.C. Cir. 1992) ("no hearing is required where his claims are 'vague, conclusory, or palpably incredible.'") (quoting *Marchibroda v. United States*, 368 U.S. 487, 495 (1962)). Accordingly, an evidentiary hearing in this case is unnecessary.

**CONCLUSION**

The Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 should be denied without a hearing.  Given the deficiencies in pleading, timeliness, and otherwise, the government reserves argument on the merits of the numerous ineffective assistance claims pending further order of the Court.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

*s/ Paul Farley*
Paul Farley
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, Colorado  80202
Telephone:  303.454.0100
Email Address:  paul.farley2@usdoj.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this on this 10th day of September, 2015, the foregoing **RESPONSE TO AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** was electronically filed with the Clerk of the Court using the ECF system.

I further certify that on this 10th day of September, 2015, a true and correct copy of the foregoing **RESPONSE TO AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** was placed in the U.S. Mail, postage prepaid, to:

> Tracy Morgan, Reg. No. 43394-177
> USP-Florence
> P.O. Box 7000
> Florence, Colo. 81226

*s/Dorothy Burwell*
Dorothy Burwell
U.S. Attorney's Office
