IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 11-cr-00303-REB-1
Civil Case No. 15-cv-01480-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TRACY MORGAN,

    Movant-Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 3 2015

JEFFREY P. COLWELL
CLERK

---

### MOTION TO SUPPLEMENT REPLY TO GOVERNMENT'S RESPONSE TO AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

---

COMES Movant-Defendant, TRACY MORGAN ("Morgan"), appearing *pro se*, and respectively replies to the Government's Response to Amended Motion to Vacate, Set Aside, or Correct Sentence ("GR") as follows:

### I. Preliminary Statement

As a preliminary matter, Morgan respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *Green v. Donahoe*, 760 F.3d 1135 (10th Cir. 2014); *Estelle v. Gamble*, 429 U.S. 97 (1976); and *Haines v. Kerner*, 404 U.S. 519 (1972).

### II. Relevant Background

On July 13, 2015, Morgan timely filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§2255 Motion"). See Doc. 335.[1]

---

[1] "Doc." refers to the Docket Report in the United States District Court for the District of Colorado, Denver Division in Criminal No. 11-cr-00303-REB-1, which is immediately followed by the Docket Entry Number.

On July 15, 2015, the Court issued an Order stating "The court has reviewed the § 2255 motion and finds that the motion does not comply with the Rules Governing Section 2255 Proceedings for the United States District Courts because defendant fails to allege specific facts in support of his claims that demonstrate his rights have been violated. Pursuant to Rule 2(b)(2), Defendant must "state the facts supporting each ground." See Doc. 336.

On August 17, 2015, Morgan filed a Motion for Clarification of Court Order Dated July 15, 2015, and Extension of Time To File Memorandum of Law in Support of Motion To Vacate. See Doc. 337.

On August 19, 2015, the Court issued a minute Order denying the Motion for Clarification and granting the Motion for Extension of Time to file an Amended § 2255 Motion. See Doc. 338.

On August 31, 2015, per the Court Order dated August 19, 2015, Morgan filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Amended § 2255 Motion"). See Doc. 339.

On September 10, 2015, the government filed its GR. See Doc. 341.

On November 6, 2015, the Court issued an Order granting an extension to file a Reply to the GR up to and including November 30, 3015. See Doc. 348.

### III. Reply

The GR is divided into three main (3) sections: (A) Stated Grounds for Relief; (B) Rule 5 Statement; and (C) Argument. Morgan will reply to the above sections sequentially as follows:

(A)  Stated Grounds for Relief

In this section of the GR, the government accurately states Morgan's grounds for relief. See Doc. 341 at 1-2. Morgan does not take exception to this section of the GR.

(B)     Rule 5 Statement

In this section of the GR, the government states that Morgan's first motion was filed timely and that his amended motion makes claims that were untimely. *Id.* at 2. Morgan agrees that his first motion was timely filed. He takes great exception that the government claims that his amended motion and its new claims were untimely. The Court issued an Order that Morgan could file an amended motion because the Court ruled that his first motion was deficient, and that Order did not say anything about not raising new grounds or that they would be untimely.

(C)     Argument

In this section, the GR opines that "several claims, raised for the first time in the in the amended motion, are untimely." *Id.* at 3. Morgan takes exception to the government claim. Morgan's first § 2255 Motion was deficient because it did not comply with the rules according to the Court. See Doc. 336. As such, the Court granted a thirty (30) day tolling and allowed Morgan to file an Amended § 2255 Motion. As such, Morgan was merely complying with the Court's Order and there was no mention in that Order they he could not raise new grounds. As such, any claim that Morgan's grounds in his amended motion are untimely is clearly erroneous.

This section is divided into several subsections: (1) Several Claims, Raised for the First Time in the in the Amended Motion, Are Untimely; (2) Morgan Is Not Entitled to Equitable Tolling; (3) the New Claims Do Not Relate Back to the Original Motion to Vacate; (4) the Amended Motion Is Insufficient as a Matter of Law; and (5) an Evidentiary Hearing Is Not Warranted. Rather than respond to the merits, the entire thrust of this section is to time bar Morgan from raising his claims in his amended motion. It is Morgan's position that because the Court granted an extension to cure the deficiency in his § 2255 Motion that he was not time barred.

(1) <u>Several Claims, Raised for the First Time in the in the Amended Motion, Are Untimely</u>

In this subsection of the GR, the government makes the above statement and then accurately lists the eight (8) grounds in the Amended § 2255 Motion, which it claims should be time barred. *Id.* at 3. Morgan does not take exception to the grounds listed by the government. However, he objects to the government's opinion that his grounds are time barred. The government next sets forth in this subsection the time frames in Morgan's case with regard to the one year limitation period under the Anti-Death Penalty and Punishment Act ("AEDPA").

(2) <u>Morgan Is Not Entitled to Equitable Tolling</u>

The government next claims in this subsection that Morgan is not entitled to equitable tolling in this case. *Id.* at 4-6. The government next goes off on a tangent and sets forth the standard for equitable tolling citing cases. Of course, it is Morgan's position that the Court by granting him an amended motion to cure the deficiency in his original motion, in essence allowed him extra time to cure the deficiency. In its July 15, 2015 Order, the Court expressly stated that:

> "The court has reviewed the § 2255 motion and finds that the motion does not comply with the Rules Governing Section 2255 Proceedings for the United States District Courts because defendant fails to allege specific facts in support of his claims that demonstrate his rights have been violated. Pursuant to Rule 2(b)(2), Defendant must "state the facts supporting each ground." The habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading."

See Doc. 336.

As such, Morgan merely complied with the Court's order and what the government claims are new grounds raised in his Amended § 2255 Motion are actually the facts supporting his grounds, which is exactly what the Court requested above that Morgan file in his Amended § 2255 Motion.

At the conclusion of this subsection, the government states that "[A]lthough Morgan might argue that the original Motion to Vacate was a "defective pleading," any equitable tolling could extend no further than the Court has already permitted here: allowing Morgan to file a compliant pleading <u>with respect to the claims he timely made</u>." (Emphasis in the original). *Id* at 6. Contrary to the government's claim, the July 15, 2015, Order does not state "<u>with respect to the claims he timely made</u>." This was added by the government. Morgan had a true and honest belief that he was complying with the Court's Order and that he was ordered to provide the facts as requested by the Court. As such, his claims were automatically tolled by the Court's Order.

    (3)    <u>The New Claims Do Not Relate Back to the Original Motion to Vacate</u>

In this subsection of the GR, the government continues to attempt to time barr Morgan. This time it claims that because the new claims do not relate back to the original motion to vacate that it is time barred pursuant to Federal Rule of Civil Procedure 15(c)(1). *Id.* at 6-7. Contrary to the government's claim, Morgan merely used the same grounds and added the facts requested by the Court in its July 15, 2015 Order. The same grounds raised in his initial § 2255 Motion were again raised in his Amended § 2255 Motion: (1) Ineffective Assistance of Pretrial Counsel; (2) Ineffective Assistance of Trial Counsel; (3) Ineffective Assistance of Sentencing Counsel; and (4) Ineffective Assistance of Appellate Counsel. Pursuant to the Court's Order dated July 15, 2015, his initial § 2255 Motion was deficient because Morgan failed to alleged specific facts in support of his claims. In his Amended § 2255 Motion, he listed the same ground and per the Court Order alleged specific facts in support of his claims. He did not raise new grounds. They specific facts alleged are merely set forth to support his grounds. They are all part and parcel to each other. As such, the grounds do relate back and complied with the Court's Order dated July 15, 2015.

(4) <u>The Amended Motion Is Insufficient as a Matter of Law</u>

In this subsection of the GR, the government opines that, as before, Morgan's Amended § 2255 Motion does not comply Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings. *Id.* at 10-13. The government's claim is without merit. If their claim was taken as true, the Court certainly would not have found Morgan's Amended § 2255 Motion sufficient to be filed and requested the government to file a response. Accordingly, the Court ruled that Morgan's Amended A 2255 Motion was sufficient to proceed forward and the government claim is erroneous.

(5) <u>An Evidentiary Hearing Is Not Warranted</u>

In this subsection of the GR, the government claims that an evidentiary hearing is not necessary in this case "because the Motion to Vacate presents no more than conclusory allegations, which are unsupported by material facts." *Id.* at 13-14.

Contrary to the government's above claim, in its Order dated September 1, 2015, stated that:

> " I can not conclude summarily that the defendant-movant is not entitled to relief and that the motion should be dismissed. Thus, under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I must order the United States Attorney to file answer, motion, or other response within a fixed time."

See Doc. 336 at 1-2.

If the Court could not conclude that Morgan was not entitled to relief, the government should have responded to the merits and aided the Court in its decisional process. Instead, the government merely attempted to time bar Morgan. As such, the government has waived any response to the merits of his Amended § 2255 Motion.

Moreover, this is the type of § 2255 proceeding, which requires an evidentiary hearing. There are facts in dispute between the parties, which need to be resolved. Further, an evidentiary hearing

would allow Morgan to further prove his meritorious grounds, resolve facts in dispute between the parties in and out of the record, and to expand an incomplete record.

### IV. Conclusion

For the above and foregoing reasons, Morgan's Amended § 2255 Motion should be granted in the first instance. In the alternative, an evidentiary hearing should be held for the above reasons previously stated. Finally, because the government chose to only attempt to time barr Morgan's Amended § 2255 Motion, it has waived any response on the merits.

Respectfully submitted,

_/s/ Tracy Morgan_
Tracy Morgan
Reg. No. 43394-177
USP Florence–High
U. S. Penitentiary
P. O. Box 7000
Florence, CO 81226
Appearing *Pro Se*

### CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2015 a true and correct copy of the above and foregoing Reply to Government's Response to Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 was mailed, postage prepaid, to Paul Farley, Assistant U.S. Attorney at U. S. Attorneys Office, 1225 17th Street, Suite 700, Denver, Colorado 80202.

_/s/ Tracy Morgan_
Tracy Morgan